UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **OSCAR C. WOODEN** | **CIVIL ACTION NO.** |
| **VERSUS** | **19-690-SDD-EWD** |
| **JAMIE LANDRY, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 3, 2020.

                                                                                       _____
                                                                                       **ERIN WILDER-DOOMES**
                                                                                       **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

OSCAR C. WOODEN                                            CIVIL ACTION NO.

VERSUS                                                              19-690-SDD-EWD

JAMIE LANDRY, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint, as amended, of Oscar C. Wooden ("Plaintiff"), an inmate confined at the Ascension Parish Jail in Donaldsonville, Louisiana, who is representing himself.[1] Based on the screening process for such complaints, it is recommended that Plaintiff's Complaint be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity that is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[2] Both statutes give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[3] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[4] The law gives judges not only the

---

[1] R. Docs. 1 & 3.
[2] Plaintiff was granted permission to proceed *in forma pauperis* on November 8, 2019 (R. Doc. 6) so both statutes apply.
[3] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[4] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[5] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[6]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[7] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

A screening dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[11]

Plaintiff's claims are wholly frivolous. Federal courts lack power to entertain claims that are "wholly insubstantial and frivolous."[12] "Determining whether a claim is wholly insubstantial and frivolous requires asking whether it is obviously without merit or whether the claim's

---

[5] *Denton,* 504 U.S. at 32.
[6] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[7] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[10] *Id.*
[11] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[12] *Atkapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019), *quoting Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666 (1974).

unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject."[13]

Plaintiff's alleged facts, accepted as true, indicate he is a confidential informant for the FBI who was working to uncover evidence of tax evasion and insurance fraud committed by the owner of his place of prior employment "D'Ville Auto Glass,"[14] but due to this individual's "influence with D.A. Ricky Babin," Plaintiff's efforts were thwarted, which is why Plaintiff is now seeking assistance from the federal government.[15] Plaintiff also alleges that on January 2, 2019, he was terminated from his job at Donaldsonville Auto Glass for reporting the adultery of two employees.[16] Plaintiff claims that his parole officer's supervisor and two other officers interrogated him regarding why he "told others about the adultery affair at D'ville Auto Glass" and "what FBI Agent [Plaintiff] was a C-I for."[17] Plaintiff alleges that because he refused to disclose for whom he was a "C-I,"[18] these officers then searched his car, found a notepad with "classified" notes,[19] and then took him to jail.[20]

As there is clearly no basis for any constitutional claim in Plaintiff's allegations, it is improper to try to further decipher what claims Plaintiff may be trying to bring because "to do so might suggest that these arguments have some colorable merit."[21]

---

[13] *Id.* (internal quotation marks and citations omitted).
[14] R. Doc. 1, pp. 3-4.
[15] R. Doc. 1, p. 3.
[16] R. Doc. 1, p. 1. It is unclear how the adultery claims are related to Plaintiff's alleged work as a confidential informant.
[17] R. Doc. 3, p. 4.
[18] R. Doc. 1, pp. 2-3.
[19] R. Doc. 1 p. 3. These notes allegedly had facts indicating Plaintiff's contract with the FBI and notes regarding the Department of Labor. R. Doc. 3, p. 6.
[20] R. Doc. 3, p. 4. To the extent Plaintiff is attempting to call into question the search that formed the basis of his arrest, such a claim cannot be brought in a § 1983 action until Plaintiff is acquitted or, if he is convicted, his criminal conviction is set aside. *See, Patterson v. Orleans Parish Dist. Atty. Office*, No. 06-7322, 2007 WL 5063238, at * 6-8 (E.D. La. April 16. 2007) (finding that claims regarding illegal search and arrest brought by a pretrial detainee were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)).
[21] *Atakapa Indian Creole Nation*, 943 F.3d at 1007, *quoting Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam). To the extent Plaintiff references federal criminal statutes 18 U.S.C. §§ 241, 1510, 1512 and 1513, he

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that this case be **CLOSED**.[22]

Signed in Baton Rouge, Louisiana, on November 3, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

does not have a private right of action under these statutes. *See, e.g., Johnson v. Federal Bureau of Investigation*, No. 16-1337, 2016 WL 9776489, at *3 (S.D. Tex. Nov. 17, 2016) (holding no private right of action under 18 U.S.C. § 241) (citation omitted); *Merkel v. Gragg*, Nos. 19-640, 19-740, 19-790 and 19-1214, 2019 WL 6325784, at *12 (W.D. Tex. Nov. 26, 2019) (holding no private right of action under 18 U.S.C. §§ 1510 or 1512 and that, generally, there is no private right of action for violations of federal criminal statutes) (citations omitted).

[22] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.